█ In the Matter of the Claim of ANITA COLONE, Respondent, v. TAVERN ON THE GREEN et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— HAMM, J. Appeal by employer and carrier from a board determination of accident and causal relationship. The appellants contend that a hypothetical question addressed to the claimant's physician was so inaccurate as to be prejudicial, that certain judicial notice taken by the Referee was improper and that the carrier was prejudiced by the Referee's refusal to allow cross-examination of the claimant's medical witness concerning an opinion in another case allegedly inconsistent with his opinion given in this case. The decedent, aged 49 and regularly employed as headwaiter in a restaurant in New York, worked part time weekends at the Tavern on the Green where he collapsed and died on the night of September 23, 1961. At the time he was engaged in helping to serve a wedding party of more than 200 people. A coemployee who worked with the decedent in serving about 6 tables, at each of which 10 people were seated, testified that the decedent and he both moved, and in the course of moving, lifted round banquet tables weighing approximately 50 pounds. He testified also that the trays for the various courses served during the evening weighed about 25 pounds. The employer's assistant manager estimated that the trays for the soup course must have weighed approximately 45 to 50 pounds. The decedent collapsed while holding a tray. Death was attributed to coronary occlusion and arteriosclerotic heart

disease. It appears from a medical report that shortly before his death the decedent visited a doctor who found an abnormal heart condition and advised that the decedent rest, refrain from working and stop smoking. When the hypothetical question in issue was posed to the claimant's medical expert the carrier urged that the question contained facts not in the record. But on the application for review and in the oral argument before the board no issue as to the hypothetical question was raised apart from the complaint as to judicial notice. In *Matter of Chersi* v. *Lulich Constr. Co.* (19 A D 2d 672, 673), we said: " the question is not available on this appeal since it was not raised in the application for review before the board." And in *Matter of Kastenhuber* v. *Irwin & Leighton* (16 A D 2d 1003), we had occasion to state: " The remaining contentions advanced in appellants' brief were not specified in the application to the board for review and hence are not available to appellants here. (Workmen's Compensation Law, §§ 23, 224; *Matter of La Barge* v. *Mercy Gen. Hosp.*, 12 A D 2d 689, 690, motion for leave to appeal denied 9 N Y 2d 610; *Matter of Braune* v. *Haas*, 13 A D 2d 875, 876.) " Moreover the carrier impliedly acquiesced in the hypothetical question previously complained of by submitting the same question to its own expert witness for his opinion: " Q. Did you hear the hypothetical, doctor? A. Yes. Q. I would ask that I join in such a question, and I ask that you take all the facts, and that all the facts are essentially true, and I ask if you have any opinion, predicated upon the facts outlined in the hypothetical, as to whether or not this man's death was causally related to the work activities he performed on September 23rd, 1961? " And finally, the discrepancy between the evidence and the facts hypothesized in the question was of little consequence. In the application for review and on argument before the board the contention was raised that the Referee's statement requiring judicial notice was prejudicial. The hypothetical question addressed to the claimant's medical witness contained an alleged statement by a witness that " in his experience these wedding parties were all hectic in that it was necessary that they serve these people at a rather rapid pace." The carrier objected to the inclusion in the question " that this dinner was served in a hectic and rapid way." The Referee instructed the witness: " I want you to take judicial notice of the fact that any dinner served at the Tavern on the Green usually is at a hectic pace. I have eaten there on many occasions in the banquet hall. I think you ought to take judicial notice of that fact." The carrier could easily have corrected the situation by asking claimant's medical witness whether his opinion would have been the same if the factor of a hectic pace had been eliminated. Moreover the hypothetical question contained originally the fact of which the Referee directed that judicial notice be taken. Consequently when the carrier with respect to its own medical expert adopted the hypothetical question it impliedly conceded that the erroneous importation of the fact in contention was harmless to the consideration of the ultimate medical question involved and that its role in the medical opinion to be elicited was of no consequence. The carrier's last contention that the Referee prejudicially refused to allow cross-examination of the claimant's medical witness was also properly presented to the board. The carrier attempted to show that, in another case where the witness had been engaged by a carrier and was testifying for that carrier, he gave an opinion inconsistent with his opinion in the case being heard. The Referee correctly pointed out that the case to which the carrier's cross-examination was directed was so dissimilar on the facts as to be irrelevant to the problems involved in the case before him. The carrier relies on our decision in *Matter of Lapinsky* v. *Ardom Bake Shop* (9 A D 2d 793), wherein we found an arbitrary refusal to allow cross-examination but we were there dealing

with a situation where the medical contradictions all pertained to the same claimant and the same case. As to causal relation the evidence sufficiently indicates that the effort expended by the decedent was arduous. In such cases work activities can constitute an accident if there is medical evidence that they impinge on an underlying condition (e.g. *Matter of Burke* v. *Chef's Hat Rest.*, 16 A D 2d 712 [waitress]; *Matter of Miller* v. *F & M Schaefer Brewing Co.*, 16 A D 2d 718). The medical evidence combined with the facts adduced constituted adequate proof of causal relationship. Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Reynolds, Taylor and Aulisi, JJ., concur.